No. 35,480

J. W. HALL, *Appellee,* v. CHARLES B. EELLS, *Appellant.*

(124 P. 2d 444)

Opinion filed April 11, 1942.

*Garrett Winkler,* of Paola, was on the briefs for the appellant.
*Edwin A. Schalker,* of Kansas City, argued the cause for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to enjoin the defendant from interfering with plaintiff's possession and enjoyment of certain real estate. Judgment was for the plaintiff. Defendant appeals.

The pertinent facts are as follows:

On November 18, 1939, a petition was filed by plaintiff asking that the defendant be restrained from interfering with the plaintiff or anybody holding certain lands under him in their enjoyment of possession of the lands involved. December 29, 1939, the defendant filed an answer, the prayer of which was that his title to the real

estate be quieted. On February 29, 1940, the trial court issued a restraining order restraining the defendant from interfering with the plaintiff's possession of the land or that of anyone holding under the plaintiff. This order was to be in force until the further order of the court. On March 15, 1940, after having heard evidence introduced by the plaintiff and defendant the court issued a permanent injunction enjoining the defendant from interfering with the possession of plaintiff. On December 20, 1940, plaintiff filed an accusation setting out the making of the restraining order, to which reference has been made, and alleging that defendant had violated the restraining order in certain particulars. On March 8, 1941, the court made an order attaching the person of the defendant and bringing him before the court. On March 11, 1941, the defendant filed a motion to dissolve the restraining order to which reference has been made and the order of permanent injunction on the ground that no bond had been furnished by the plaintiff at the time the restraining order was granted and for the further reason that at the time the orders were granted the legal title of the land was in the name of the defendant. The defendant also moved the court to quash the order of attachment, to which reference has been made, because of the reasons set out for the dissolving of the injunction and for the further reason that the plaintiff was a nonresident of Linn county and the affidavit in connection therewith did not state the reasons why plaintiff did not sign the affidavit. On the 18th day of March, 1941, the accusation in "contempt" was heard by the trial court and the motions of the defendant to dissolve the injunction and the restraining order and to quash the order of attachment. The motions of the defendant were overruled and the defendant was found guilty of having violated the permanent injunction and a fine was assessed against him. On October 23, 1941, the defendant filed a motion to vacate and set aside all orders made in the above action, for the reason that no bond had been given therein, as required by law. On November 18, 1941, the court overruled this motion. On November 25, 1941, the defendant appealed from the order of the court denying this motion.

The plaintiff moves to dismiss the appeal because the order of the court refusing to vacate and set aside the orders was not appealable, as provided by G. S. 1935, 60-3302 and 60-3303, and on the second ground that the appeal was a subterfuge to avoid complying with 1939 Supp. 60-3309, allowing appellant sixty days to appeal to this court. The basis of this argument is that the order which defendant

asks to have this court review is the one granting the restraining order of March 5.

Without passing on whether this motion should be sustained it is clear that the judgment of the trial court should be affirmed. It is true that G. S. 1935, 60-1108, provides that the court or judge may require a bond to secure the payment of damages to the defendant when a restraining order is allowed. This is a matter within the discretion of the trial court. (See *Newbern v. Service Pipe Line and Mining Co.*, 126 Kan. 76, 267 Pac. 29.) There is no evidence at all upon the question of whether the failure of the court to require a bond before issuing the restraining order was an abuse of discretion.

An affirmance of the judgment need not depend upon this ruling, however. While the acts on account of which the accusation was filed took place between the time the restraining order and the permanent injunction were issued, the restraining order and the injunction were practically identical. The permanent injunction settled all the issues in the case in favor of the plaintiff. No appeal was taken from this order and it became final. This permanent injunction was issued after a hearing and examination of evidence of both parties by the trial court. It does not appear that the granting of the restraining order had the slightest influence upon the issues that were finally settled as to the permanent injunction. The permanent injunction settled all the questions in the case against the defendant as far as the issues made up by the pleadings were concerned. See *Leavenworth v. Water Co.*, 69 Kan. 82, 76 Pac. 451, where this court said:

"Plaintiff in error contends that the preliminary injunction was improvidently granted and should have been vacated. The final judgment was in no way dependent upon, or influenced by, the rulings relating to the preliminary injunction, and since the decree for a perpetual injunction is approved by this court there is no purpose in considering the regularity of the temporary order." (p. 91.)

See, also, *Mead v. Anderson*, 40 Kan. 203, 19 Pac. 708, where this court said:

"It has often been held by this court that the refusing or granting of a temporary injunction is largely in the discretion of the judge or court, and for that reason close and intricate questions will not be reviewed and the action of the court or judge reversed, unless it shall clearly appear that the judgment or order is erroneous." (p. 204.)

The judgment of the trial court is affirmed.

HOCH, J., not participating.