No. 37,729

THE CITY OF WICHITA, KANSAS, a Municipal Corporation, *Appellant,*
v. HELEN S. WRIGHT, *Appellee.*

(219 P. 2d 350)

Opinion filed June 10, 1950.

*Fred W. Aley,* of Wichita, argued the cause, and *Paul J. Donaldson,* of Wichita, was with him on the briefs for the appellant.

*Helen S. Wright, pro se.*

The opinion of the court was delivered by

WERTZ, J.: This is an appeal by plaintiff below, the City of Wichita, from a judgment sustaining a demurrer to plaintiff's evidence and defendant's motion to dismiss the accusation in contempt, in an action in which defendant was charged with violation of a permanent injunction previously rendered against her and in favor of plaintiff in the same case. The facts, briefly, are as follows:

The defendant (appellee) at all times herein mentioned was the owner of a residence located within an "A" residential district, restricted to one and two-family dwellings under the zoning ordinances of the City of Wichita. Sometime prior to November, 1940, defendant began altering her residence into a six-family apartment, and plaintiff city commenced an action seeking to permanently enjoin her from such alteration alleging that it violated the existing zoning ordinances of the city. Issues were joined between the parties and the case was tried by the court, judgment being entered on November 7, 1940. Pertinent parts of the judgment read:

"And thereupon from the admissions of defendant made in open Court, the Court finds that the defendant is operating an apartment house for more than two (2) families at 435 North Pershing Avenue, Wichita, Kansas, as

charged in plaintiff's petition, and that at the time of the filing of plaintiff's Petition and Supplemental Petition, defendant was altering the house on said premises for more than two (2) families, for the purpose of using same as a six-family apartment, contrary to Ordinance No. 12-120 of the City of Wichita, Kansas, known as the 'Zoning Ordinance.'

"And the Court further finds . . . That said house and premises are located within an "A" Residence District . . . as fixed and determined by said Zoning Ordinance. . . .

. . . . . . . . . . . . .

"It Is . . . Ordered, Adjudged and Decreed, That the Defendant, Helen S. Wright, be and she is hereby permanently enjoined from using, and from hereafter altering the house and buildings on the premises known as 435 North Pershing Avenue, Wichita, Kansas [legal description], into a six-family residence, or for more than a two family residence, or in any manner altering or using the buildings on said premises contrary to Ordinance No. 12-120 of the City of Wichita. . . ."

On November 8, 1948, plaintiff filed in the same action its verified accusation in contempt, setting out the above injunction, alleging that defendant had in violation of the permanent injunction used said premises for a dwelling house containing eight (8) occupied apartments; and praying that defendant be cited to show why she should not be punished for contempt for violation of the permanent injunction, and that defendant be made to comply with terms and provisions of the permanent injunction. An order was issued by the court directing defendant to appear and show cause why she should not be punished for contempt for failure to comply with the permanent injunction. On December 16, 1948, defendant through counsel filed her answer; issues were joined, and the case proceeded to trial.

Plaintiff's evidence disclosed that the mentioned premises were located in a district zoned by the ordinances of the city of Wichita, Kan., as an "A" Residence District—a two-family district—in the year 1940; that the zoning district for the premises had not been changed since that date. The Deputy City Building Inspector and the Chief Fire Inspector for the city both testified that their inspections of the premises on September 21, 1948, disclosed eight (8) separate family living units, each occupied by a separate family and each having separate cook stoves and sleeping accommodations; that an apartment manager was maintained on the premises by defendant. Ordinances No. 12-120, 15-371 and 15-524 of the city of Wichita were received in evidence.

Ordinance No. 12-120, adopted July 10, 1939, provides in sub-

stance: That the city of Wichita shall be divided into seven "Use Districts" for the purpose of regulating and restricting the location of trades and industries; location, erection, alteration and repair of buildings erected or altered for specific uses; and the uses of lands within the specified districts, said "Use Districts" being shown on an attached map of the city and made a part of the ordinance. (The premises known as 435 North Pershing Avenue, Wichita, Kan., are wholly within Use District designated "A" residence district.) That in an "A" Residence District no building or premises shall be used, and no building or premises shall be hereafter erected or altered, except for one-family or two-family dwellings.

Ordinance No. 15-371, adopted August 17, 1948, sets up further restrictions, none of which are effective as to the property here involved or its location in an "A" Two-Family Residence District. Further zoning revisions in Ordinance No. 15-524, adopted November 16, 1948, do not affect the property at 435 North Pershing Avenue, Wichita.

The above evidence having been introduced, plaintiff rested its case, whereupon defendant interposed a demurrer to plaintiff's evidence and a motion to dismiss the action, both of which were sustained by the lower court.

Plaintiff has appealed assigning as error the ruling of the trial court sustaining the demurrer and motion to dismiss the plaintiff's accusation in contempt. Defendant has filed no abstract or brief with this court, but was granted permission to argue her cause orally. In her argument she contends that the permanent injunction was improvidently granted and that she had been operating the premises as a six- and eight-family apartment house since thirty days after the injunction became permanent. At no place in all the proceedings is the procedure or city ordinance challenged.

Practically speaking, there was but one question before the lower court and that was whether defendant had violated the permanent injunction issued November 7, 1940. We have repeatedly held that once parties accused of contempt are properly before the court, the merits of the original suit, are not involved, and the sole question for determination is whether the permanent injunction order and judgment has been violated by them. *Frey v. Willey,* 161 Kan. 196, 166 P. 2d 659; *Smith v. Clothier,* 113 Kan. 47, 213 Pac. 1071; *Hall v. Eells,* 155 Kan. 307, 124 P. 2d 444.

An examination of the original decree in injunction clearly re-

veals that it permanently and perpetually restricted the use of defendant's residence property at 435 North Pershing Avenue for more than a two-family residence contrary to provisions of Ordinance No. 12-120 of the city of Wichita. Testimony of two city officials introduced by plaintiff disclosed that the described property was being used for more than a two-family residence; that it had in fact been converted into an eight-family apartment house. This evidence was ample to sustain plaintiff's case as against a demurrer to the evidence and a motion to dismiss, and those motions should have been overruled.

The judgment sustaining the demurrer and the motion to dismiss is therefore reversed and the cause remanded for further proceedings.