No. 38,720

GEORGE HORN, ALICE GINGLES SHACKLETON, CHARLES A. GREEN and SARA E. GREEN, *Appellees*, v. GLEN SEEGER and MARGARET SEEGER, *Appellants.*

(255 P. 2d 997)

Opinion filed April 11, 1953.

*W. C. Sullivan,* of Phillipsburg, argued the cause and *W. A. Barron,* of Phillipsburg, and *D. A. Hindman,* of Stockton, were with him on the briefs for the appellants.

*William H. Stowell,* of Phillipsburg, argued the cause and *William B. Ryan* and *Keith G. Sebelius,* both of Norton, and *Doris Dixon Stowell,* of Phillipsburg, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is a proceeding for indirect contempt of court. The trial court found one of the defendants to be in contempt and fixed his punishment at a fine of $100. He has appealed.

The matter grew out of an action wherein we affirmed the judgment of the trial court decreeing a mandatory injunction, ordering the defendants to remove portions of a levee they had erected on their own land. (See *Horn v. Seeger,* 167 Kan. 532, 207 P. 2d 953.) In that opinion we included the findings of fact and conclusions of law of the trial court. The case had to do with a natural water course called Meyer Creek. It flows through sections 35 and 36 in Phillips county. The defendants had constructed a levee on their own land, part of it running parallel to Meyer Creek and part running in a northerly direction from it. The action was brought by lower landowners for a mandatory injunction to direct defendants to remove the levee on the ground that it caused surface water and overflow water from Meyer Creek to be discharged onto their land to their damage. The trial court found such to be the case and gave a judgment ordering defendants to remove that part of the levee which extended north from the creek. On appeal we affirmed the judgment and ordered defendants enjoined from maintaining such levee in the future. The defendants complied with the judgment and removed that part of the levee. The accusation in contempt alleged the above judgment and that it had not been reversed, modified or set aside; that notwithstanding such judgment defendants had about October 15, 1951, commenced the construction of another dike at points adjacent to the location of the former one and which when completed would have exactly the same effect upon the lands of the plaintiffs as the dike ordered removed and in addition thereto defendants were widening, deepening and making additional excavations on the south and west side of the former dike; that by reason of the failure of defendants to obey the orders of the court, plaintiffs had been damaged. The prayer was that defendants be adjudged guilty of indirect contempt; that they be ordered to remove that part of the dike already constructed and that they be ordered to pay plaintiffs their costs, damages and attorney fees.

In their answer defendants admitted the judgment. They then alleged on or about October 15, 1951, they commenced the con-

struction of a levee at the location in question in accordance with a plan and specifications approved on the 10th day of June, 1950, by George S. Knapp, chief engineer, Division of Water Resources of the State Board of Agriculture, after application and notice to all interested parties; that such levee was commenced at a location other than the location of the dike required by the court to be removed and at a location not covered by the judgment; that the levee was being constructed in a lawful manner and for a lawful purpose; that a copy of these plans and specifications were delivered to plaintiffs or their attorneys of record on or about May 22, 1950, and plaintiffs filed objections to the application of defendants and took part in the proceeding.

Defendants denied that they had or intended to disobey the orders of the court or violate the dignity of the court or the rights of the plaintiffs and alleged that all acts done or intended to be done by them had been fully approved and authorized by the chief engineer of the Division of Water Resources.

The trial court described the location of the proposed new dike and found the effect of it would be substantially the same as that of the dike ordered to be removed and for all practical purposes it was the same although the northern part was located somewhat east of the dike ordered removed; that the approval of the chief engineer was obtained for the new dike; that it had not been proven that the ditch involved in the original order had been excavated any deeper.

The trial court further found that the defendant Glen Seeger acted in good faith in belief that he had the right to construct the new dike and the approval of the chief engineer was given on June 10, 1951.

The trial court concluded as a matter of law that defendant Glen Seeger was in contempt of court and should be punished therefor; that as a matter of law the approval of the plans of the chief engineer was not sufficient authority to authorize Seeger to violate the order of the court; that whether the approval of the plans would be grounds for dissolution or modification of the injunction was not determined; that Seeger should be fined $100 and charged with the cost of the hearing; that the defendants should be enjoined from proceeding further with construction according to the plans.

Judgment was entered accordingly and defendants were enjoined from doing any further work under the new plans unless or until there was a modification of the original order.

The defendants argue first, the approval of plans by the chief engineer and the authorization to construct a levee in accordance therewith superseded the court's mandatory injunction. To support this argument he cites cases where it has been held the passage of an act authorizing the doing of the act that was enjoined may justify a disregard of the injunction. Defendants argue that the approval of the plans by the chief engineer had the same effect as the passage of an act.

The trouble with that argument is that the judgment in the original case was not based entirely upon the failure of defendants to comply with G. S. 1949, 24-105. The trial court found in that action that the part of the dike ordered removed repelled overflow water from Meyer Creek and also surface water and discharged it upon the lands of plaintiff and concluded such was unlawful. We recited those findings and conclusions and affirmed, citing authorities to the effect that overflow water from a watercourse and surface water from natural drainage may neither one be cast on a lower landowner to his damage. We then pointed out that the failure of defendant to comply with G. S. 1949, 24-105, was an additional reason why the construction of the dike was unlawful.

G. S. 1949, 24-105, has to do with surface water which is the overflow of a watercourse. The water held to have been discharged on the lower landowner by the levee ordered removed was overflow from the stream and other surface water from natural drainage. G. S. 1949, 24-105, conferred no authority or power on the chief engineer to approve plans that would have the effect of setting aside or modifying a judgment of a court based on something other than a watercourse or that would have the effect of discharging either overflow or surface water upon the lands of a lower landowner to his damage.

Defendants next argue that under strict construction, as required in contempt cases, the construction of the second levee in accordance with the approved plans would not constitute a violation of the original order. In the first place, no objection was made to the findings. One of these was:

"The Court finds that the effect of the dike to be constructed in accordance with plaintiff's Exhibit 1 would be substantially the same as that of the dike ordered removed in the Mandatory Injunction granted in this case, and for all practical purposes the dike is the same, although the northern part of it is located somewhat east of the dike ordered removed."

We cannot conceive how a finding could be clearer than construction of the proposed dike would be a violation of the original judgment enjoining the maintenance as well as the removal of the first dike. Granted that defendant Glen Seeger acted in good faith, as found by the trial court, there was an orderly process by which he could have called the order of the chief engineer to the attention of the trial court. He did not see fit to do this but proceeded to violate the judgment.

In *City of Wichita v. Wright,* 169 Kan. 268, 219 P. 2d 350, the defendant was charged with contempt in violation of an injunction. The defendant had been enjoined from violating a zoning ordinance. The defendant argued that the injunction had been improvidently granted. We said:

"We have repeatedly held that once parties accused of contempt are properly before the court, the merits of the original suit are not involved, and the sole question for determination is whether the permanent injunction order and judgment has been violated by them."

To the same effect is *Frey v. Willey,* 161 Kan. 196, 166 P. 2d 659; also *Smith v. Clothier,* 113 Kan. 47, 213 Pac. 1071.

Under such circumstances it would not do to hold that such conduct was not contempt.

Here again defendants argue the change of circumstances. We have already dealt with that argument.

The judgment of the trial court is affirmed.

THIELE, J., concurs in the result.

HARVEY, C. J., dissents.