No. 45,761

A. ART WILLIAMS, JR., Trustee, *Appellee,* v. CONSOLIDATED INVESTORS, INC., a Corporation; JAMES H. RUSSELL; HARRIETT C. RUSSELL; ELAINE RUSSELL SILER, *Appellants.*

(472 P. 2d 248)

Opinion filed July 17, 1970.

*Daniel B. Denk,* of Kansas City, argued the cause, and *Frederick K. Cross* and *Felix G. Kancel* were with him on the brief for appellants.

*Everett Fritz,* of Kansas City, argued the cause, and *Karen I. Johnson* was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: The question presented is whether, in the circumstances of this case, the district court erred in striking the defend-

ants' pleadings and entering a default judgment in favor of the plaintiff as authorized by K. S. A. 60-237 (*b*) (2) (III), after the defendants failed to comply with a pretrial order entered pursuant to K. S. A. 60-234, for production and inspection of certain documents.

The issue comes to us in the context of the litigation below. On December 18, 1967, the plaintiff, a resident of the State of Texas, filed this action to recover judgment in the amount of $25,000 with interest, on a promissory note executed by the defendants at Corpus Christi, Texas, on September 29, 1965, with the exception of Elaine Russell Siler, and for the foreclosure of mortgages on two separate tracts of real estate in Wyandotte County executed by the defendants on the same day, securing payment of the promissory note. Copies of the promissory note, an extension agreement, and the mortgages were attached to the petition. Personal service of summons was had upon the principal defendants, Consolidated Investors, Inc., a corporation; James H. Russell and Harriett C. Russell. Elaine Russell Siler acquired title to the real estate on December 27, 1965, some three months after the promissory note and mortgages were executed, and service of summons by publication was duly had upon Mrs. Siler.

On February 6, 1968, original counsel for the defendants filed a general denial. The palintiff served written interrogatories upon original counsel on May 1, 1968, to be answered by James H. Russell and Harriet C. Russell. Following service of the interrogatories, and on May 21, 1968, original counsel obtained an order of the court permitting him to withdraw as counsel for the defendants. On June 4, 1968, present counsel filed their appearance as attorneys for the defendants. Counsel for the plaintiff directed a letter to counsel for the defendants calling their attention to the unanswered interrogatories. On August 2, 1968, the interrogatories, being unanswered, the plaintiff filed a motion for an order requiring the defendants to answer the interrogatories. Thereafter, and on August 29, 1968, the interrogatories were answered and filed with the court.

Contained in the defendants' answers to interrogatories were verified statements indicating there were other transactions between the plaintiff and the defendants in the State of Texas, and that the promissory note sued on in this action was executed in compromise and settlement of other obligations, notes, mortgages and lawsuits;

that the defendants did not have possession or control of the various documents referred to in such answers, but that they were in the possession of a third party—one Sterling Steves, the defendants' *former* attorney, a member of the Bar of the State of Texas who practices law and resides in Fort Worth. A note was added to the interrogatories stating the defendants James H. Russell and Harriett C. Russell were willing to attach copies of the various documents referred to but they did not have control of such documents, and were, therefore, unable to attach the same to the written answers as exhibits.

On September 26, 1968, the plaintiff moved under K. S. A. 60-234 for an order requiring the defendants to make available for inspection and copying all the various documents relating to the transactions between the plaintiff and the defendants which led to the execution of the note and mortgages sued upon in this action. In support of his motion, the plaintiff alleged that by reason of the defendants' answers to interrogatories they indicated the documents sought were not in their possession, "but in the possession of one Sterling Steves, *formerly* the attorney for said defendants" (emphasis added), in a lawsuit filed in Corpus Christi, Nueces County, Texas, wherein Williams, the plaintiff in this action, sued James H. Russell and Harriett C. Russell in May or June of 1965, to foreclose a vendor's lien and deed of trust on property in Nueces County, Texas, and that all documents relating thereto were "purportedly in the possession of Sterling Steves, former counsel for the defendants." It was further alleged the plaintiff may be confronted with defenses other than a general denial, namely, that the defendants "have been released as guarantors under said note by virtue of operation of law, and they executed the instruments under duress," and it becomes "highly material to plaintiff's cause of action that other instruments be produced by defendants" which are relevant "to show the chain of events and transactions between the plaintiff and defendants in order to move forward expeditiously to the trial of this action." The documents requested to be produced and copied were enumerated in the motion.

On October 25, 1968, and over objection of the plaintiff, the district court sustained the defendants' motion for permission to file an amended answer and counterclaim. The amended answer and counterclaim admitted execution of the documents attached to the plaintiff's petition, and affirmatively alleged economic duress and

business compulsion, intentional fraudulent representations, failure of consideration, illegality, and release of defendants by operation of law. The prayer was that the defendants recover $25,000 actual damages and $75,000 punitive damages.

On the same date, October 25, 1968, the district court sustained the plaintiff's motion for production, inspection, and copying of the documents. The order did not specify the time, place, or terms and conditions as are "just" for making the inspection and copying as directed by 60-234.

Thereafter, and on November 12, 1968, the plaintiff filed a motion to strike the defendants' answer, the amended answer and counterclaim, and for default judgment. The motion alleged the defendants failed to produce the documents referred to in the plaintiff's motion, and that their failure to produce the documents sought was an attempt to subvert the procedure of discovery, and denied the plaintiff's substantial rights under the Code of Civil Procedure.

The defendants did not dispute the general relevancy of the documents sought but denied they controlled them. In opposition to the plaintiff's motion for default judgment, and on December 4, 1968, defendants' counsel filed an affidavit stating the defendants were unable to produce such documents although diligent effort had been made to do so, because the documents were in the possession, custody and control of a third person. Attached to the affidavit as an exhibit was a copy of defendants' counsel's letter to Mr. Sterling W. Steves, Attorney at Law, Fort Worth, Texas, requesting the documents involved in the Williams suit against the defendants in Nueces County, Texas, including the promissory note, mortgage or deed of trust, and any contracts involving those documents be forwarded to the defendants' counsel in Kansas City. Also, attached was a letter from Sterling W. Steves acknowledging receipt of counsel's letter requesting the relevant documents, in which Mr. Steves stated, "we have a lien on all items in our possession for payment of attorneys' fees in regard to the subject matter," and that his law firm would be glad "to release any and all papers in our file upon disposition of the lawsuit we have against Mr. Russell." Further, that "[i]t seems anomalous to us that he should expect us to cooperate with him when he still owes us a fee."

At the hearing on the plaintiff's motion to strike the defendants' pleadings and for default judgment, counsel for the defendants stated there was a true controversy over the issue whether the

attorneys' fees in Texas had been paid; that there was a lawsuit pending in Texas in connection therewith, and that the documents within the control of the Texas attorney were not within the possession, custody or control of the defendants as required by 60-234. The district court sustained the plaintiff's motion to strike the defendants' pleadings and for default judgment, and rendered judgment in favor of the plaintiff pursuant to the prayer of his petition.

Thereafter, the real property was duly sold by the sheriff of Wyandotte County, but by reason of conclusions hereafter announced, it is unnecessary to detail the circumstances of the sale, the confirmation thereof, and the points raised in connection therewith.

Section 60-234, in conjunction with K. S. A. 60-226 (*b*), provides that upon a motion ". . . showing good cause . . ." a court may order a party to produce for inspection nonprivileged documents relevant to the subject matter of pending litigation ". . . which are in his possession, custody, or control . . ." This court has not previously construed or applied the words "possession, custody, or control" as used in the statute, and since K. S. A. 60-234 is identical to Rule 34, and K. S. A. 60-237 is identical to Rule 37 of the Federal Rules of Civil Procedure, an examination of pertinent Federal decisions would seem appropriate, and will be relied upon as persuasive authority.

At the outset, we note there is no contention the plaintiff's motion for production did not show "good cause," or that the documents were not in existence. Rather, the contention is that the production order should not have been issued by the district court, or having been issued, should have been dismissed upon the evidence presented which showed the defendants did not have possession, custody, or control of the relevant documents. They argue that the decision as to what sanctions are to be applied in each case rests within the discretion of the district court, and that the entire record of the case is a relevant consideration to the court's judgment, but for all pleadings of a party to be stricken and a default judgment entered against him, the record must disclose a flagrant and willful disregard to the procedural rules and the order of the court. A similar contention was made in *Societe Internationale v. Rogers,* 357 U. S. 197, 2 L. Ed. 2d 1255, 78 S. Ct. 1087, and it was decided that a party "refuses to obey" pursuant to Federal Law 37 (*b*) (2), by failing to comply with an order to produce. However, it was further decided that if the refusal was due to inability to produce and not due to willfulness, bad faith, or any fault of

the petitioner in that action, the district court would have no right under Federal Rule 37 (Sec. 60-237) to dismiss the action, or as in the instant case, to strike the defendants pleadings and enter default judgment.

The penalties permitted by 60-237 (*b*) (2) are not to be imposed for the failure to comply with a production order in the absence of an ability to produce, where a party's failure to produce is shown to be due to inability fostered neither by his own conduct nor by the attendant circumstances of the case. (*Read v. Ulmer*, 308 F. 2d 915.) While 60-237 (*b*) (2) applies to all failures to comply, either willful or not, the presence or lack of good faith in the parties is relevant to the orders which should be given and the severity of the sanctions imposed. (*B. F. Goodrich Tire Company v. Lyster*, 328 F. 2d 411, 415.) The sanction of judgment by default for failure to comply with a production order is the most severe sanction which the court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited. However, where a party has acted in willful and deliberate disregard of reasonable and necessary orders of the court and the efficient administration of justice, the application of a stringent sanction is fully justified and should not be disturbed. (*Trans World Airlines, Inc. v. Hughes*, 332 F. 2d 602.) See, also, *Ronnau v. Caravan International Corporation*, 205 Kan. 154, 468 P. 2d 118.

K. S. A. 60-234 is limited to documents in possession of a party to the action, and a court cannot order production of documents not in the possession, custody, or control of a party, and it is incumbent upon the moving party to show the documents are in the control of the adverse or nonmoving party. (*United States v. Dempster Brothers, Inc.*, D. C. Tenn. [1962], 31 F. R. D. 207; *Knight-Morley Corporation v. Electroline Mfg. Co.*, D. C. Ohio [1950], 10 F. R. D. 400; *Hefter v. National Airlines*, D. C. N. Y. [1952], 14 F. R. D. 78; *Standard Inc. Co. of N. Y. v. Pittsburgh Elec. Insulation*, D. C. Pa. [1961], 29 F. R. D. 185.) See, also, cases cited in 3 Federal Rules Digest, 2d Ed., § 34.34, pp. 179, 180.

Section 60-237 is to be construed with reasonable realism and a document turned over to counsel for a defendant should be regarded as in the defendant's possession or under his control. (*Bifferato v. States Marine Corp. of Delaware*, D. C. N. Y. [1951], 11 F. R. D. 44; *In re Ruppert*, C. A. 6th [1962], 309 F. 2d 97.) The actual physical possession of the documents is not the criterion for

a production order, but instead, the true test under the production rule is "control." (2A Barron and Holtzoff, Federal Practice and Procedure, § 795, pp. 409, 410.) Since "control" rather than "custody" or "possession" is the basic test, if the party to whom the order is issued has the legal right to enforce a demand for the documents, the order is validly issued. In other words, documents to be within a party's *control* must be so held that the party has a legal right to obtain the documents, and regardless of whether the documents are beyond the jurisdiction of the court. But when the party lacks the legal right to obtain the documents and to comply with an order to produce, courts have found no control. (*Fisher v. United States Fidelity & Guaranty Company*, 246 F. 2d 344; *Reeves v. Pennsylvania R. Co.* [1948], 80 F. Supp. 107; *Valenstein v. Vayonne Bolt Corporation*, 6 F. R. D. 363.)

The evidence presented in the court below showed the defendants did not have a legal right to enforce a demand for, or control of the documents. The plaintiff alleged the documents were in the possession of a *former* attorney for the defendants. The evidence disclosed the attorney was holding the same subject to an alleged attorney's lien, which was the subject of a pending lawsuit against one of the defendants to enforce the same and recover the unpaid attorneys' fees. The plaintiff contends, and the defendants concede, that documents which are in the possession of a party's attorney are normally construed to be within the party's control and therefore capable of being produced. (*Bifferato v. States Marine Corp. of Delaware*, supra.) We agree, however, the situation here presented differs for the reason the attorney-client relationship no longer existed between the defendants and Mr. Steves—in fact, the relationship at the time the default judgment was entered, was that of adverse parties in a lawsuit in Texas, thereby destroying any theoretical basis for attorney-client control.

The only apparent means the defendants had to gain possession or custody of the documents in order to produce them would have been to admit liability in the Texas action, thereby releasing the attorney's lien upon the documents.

The record amply demonstrates a good faith attempt by the defendants sufficient to excuse them from the sanction of a default judgment. They stated several times in answers to interrogatories and in the note added at the end of the answers, they did not have possession of the documents, but were willing to produce the same

if they were available and under their control. Moreover, the uncontroverted affidavit filed by counsel for the defendants prior to the hearing on the plaintiff's motion for relief under 60-237 (*b*) (2) (III) was to the effect that the possession, custody, or control of the documents was not in the defendants, but instead was in a third party and held adversely to the desires of the defendants. See, *Patrick v. Esso Standard Oil Company*, 156 F. Supp. 336. Clearly, the district court of Wyandotte County had no authority to impose a sanction which would have the effect of adjudicating the validity of the attorney's lien in Texas.

Under the circumstances, we conclude the defendants lacked the legal right to obtain the documents to comply with the production order. Their failure to comply did not approach a willful, deliberate or inexcusable refusal to produce, and they should not be punished as though their action was of such character.

The motion to produce should have been dismissed, and the plaintiff left to other methods of discovery under applicable statutes to secure the information and documents requested. See K. S. A. 60-226 and 60-245 (*b*); 2 Vernon's Kansas Statutes Annotated [Fowks, Harvey, Thomas], § 60-234, p. 556, and Gard, Kansas Code of Civil Procedure Annotated, § 60-234, p. 174.

In view of conclusions announced, we hold the district court abused its discretion in striking the defendants' pleadings and entering the default judgment. The case is remanded with directions to set aside the judgment entered in favor of the plaintiff, the sale of the property and its confirmation, and to proceed in accordance with the views expressed in this opinion.

It is so ordered.