(563 P.2d 515)

No. 48,265

DR. LEO V. BONGERS, DR. DOUGLAS T. MCCALL and DR. ROBERT E. STROUD, in their capacity as members of the Kansas Dental Board, *Appellees*, v. DAVID A. MADRIGAL, SR., *Appellant.*

Opinion filed April 15, 1977.

*Michael D. Gragert*, of Hiebsch, Robbins & Tinker, of Wichita, for the appellant.

*Richard C. Hite*, special assistant attorney general, of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, and *Curt T. Schneider*, attorney general, for the appellees.

Before FOTH, P. J., ABBOTT and PARKS, JJ.

PARKS, J.: This is an appeal from a conviction of indirect criminal contempt for violation of an order of permanent injunction issued by the district court of Sedgwick County, Kansas. The injunction, filed June 12, 1959, prohibited the defendant from violating the provisions of the Kansas Dental Act (K.S.A. 65-1421 *et seq.* [then G.S. 1949 65-1421]) and in particular enjoined the defendant, David A. Madrigal, Sr., from:

". . . the direct or indirect, by any means or method, taking of impressions of the human tooth, teeth, jaws . . .; or the *supplying of artificial substitutes for the natural teeth,* or furnishing, supplying, constructing, reproducing or repairing any prosthetic denture, bridge, appliance or any other structure to be worn in the

human mouth, EXCEPT ON THE WRITTEN PRESCRIPTION OF A DULY LICENSED AND REGISTERED DENTIST; the placing of such appliance or structure in the human mouth, or adjustment or attempts to adjust the same; THE DELIVERY OF THE SAME TO ANY PERSON OTHER THAN THE DENTIST UPON WHOSE PRESCRIPTION THE WORK WAS PERFORMED. . . ." (Emphasis by the Court)

It is uncontroverted that the defendant was served with a copy of the order of permanent injunction and that he understood that he was prohibited from making dentures, fitting teeth, or related activities except on the written prescription of a licensed and registered dentist. No appeal was taken from the order of permanent injunction or from Madrigal's three previous convictions of indirect contempt of court for violation of such order. The order of the court had not been reversed, modified or set aside and was in full force and effect at the time of filing the motion for contempt and accusation in this case.

The proceedings leading to this appeal were commenced on September 12, 1974, when defendant was accused of violating the order of permanent injunction and ordered to show cause why he should not be found in contempt. The affidavit of John D. Dickey, an investigator with the Consumer Protection Division of the district attorney's office for Sedgwick County, Kansas, was attached to the accusation in contempt. The affidavit recited that defendant had repaired dentures for Dickey without a dentist's prescription and that Dickey had talked to other persons for whom Madrigal had made dentures without a prescription.

Defendant filed an answer to the motion for contempt citation. He admitted the entry of the order of permanent injunction but raised various issues concerning the validity of the order.

The trial court found that the defendant had violated the order of permanent injunction and that he should be confined in the Sedgwick County jail for a period of 18 months and fined the sum of $10,000. Execution of the sentence was stayed pending appeal upon posting a $2,500 appeal bond, subject to certain conditions imposed by the court. During oral argument before this court, it was disclosed that the defendant had violated the conditions of his bond, and after serving 100 days in jail, he was paroled from the balance of the 18 months' sentence.

The first point raised is whether an order of permanent injunction is subject to collateral attack during indirect contempt proceedings.

Whether the court had authority to issue its order of permanent injunction is not an issue in this case. Such a decision is not necessary to vest jurisdiction in the trial court over its own order, which is in full force and effect, and is being ·violated. The violation need only be brought to the attention of the court.

In *Horn v. Seeger*, 174 Kan. 194, 198, 255 P. 2d 997, the court approvingly cited *City of Wichita v. Wright*, 169 Kan. 268, 219 P. 2d 350, where the court said:

" 'We have repeatedly held that once parties accused of contempt are properly before the court, the merits of the original suit are not involved, and the sole question for determination is whether the permanent injunction order and judgment has been violated by them.' "

Here we have the testimony of Mr. Dickey, and of witnesses called on behalf of Mr. Madrigal, which establishes that Mr. Madrigal had taken impressions of their teeth or jaws and had made or repaired dentures without prescriptions from dentists. Such activities are clear violations of the order.

We hold that the evidence adduced at the trial was sufficient to justify the finding of the court that the defendant had knowingly violated its order and was guilty of indirect contempt.

Defendant argues that the Kansas Dental Act constitutes unreasonable, discriminatory and oppressive interference with his right to earn a living and is violative of the anti-trust laws of the United States.

Defendant concedes in his brief that the practice of dentistry is a proper subject for state regulation. But then he proceeds to argue that denturism is not a profession but a trade, and involves working in inert material which has no more relation to health than fitting a shoe to a foot. We cannot uphold this argument.

In *Thrasher v. Board of Governors*, 359 P. 2d 717, 722 (Okla. 1961), the court said:

"We know, as a matter of rather common knowledge, that mastication of food by chewing with the teeth is an integral part of, or related to, the human body's digestive process. We also know that the malformation, maladjustment and ill-fitting of false teeth may not only result in poor digestion but may cause physical discomfort, nervousness, and mental anguish, or even disturbance, generally, and specifically cause lesions in the mouth and gums that may lead to infection and serious bodily illness. . . ."

We are convinced that there is sufficient relation between the work of a dental technician and the public health and welfare that

the legislature can prohibit the repair of dentures to be worn in the mouth except on the written prescription of a duly licensed and registered dentist.

Defendant contends that the information which he was compelled to give concerning the prescription files was erroneously received by the court and was privileged testimony under K.S.A. 65-1454. K.S.A. 65-1438 (C) (2) requires unlicensed persons to retain the original prescription for two years.

The privilege against self-incrimination does not extend to records required by statute which are pertinent to appropriate subjects of governmental regulations. (*State v. Braun*, 209 Kan. 181, 495 P. 2d 1000, cert. denied, 409 U. S. 991, 34 L. Ed. 2d 258, 93 S. Ct. 334; *Shapiro v. United States*, 335 U. S. 1, 92 L. Ed. 1787, 68 S. Ct. 1375 [1948].)

Defendant further contends that it was error for the plaintiffs to allege transactions with 63 persons whose identities were never discovered, and end up proving their case relative to transactions with a dozen other persons never included in the accusation.

It appears that it was Madrigal who instituted and was permitted to pursue discovery proceedings; he submitted interrogatories to the plaintiffs; he moved for production of documents; he deposed witnesses who were to testify for the plaintiffs; and he participated in the preparation of the pretrial order in this case.

We find that it was not necessary to amend the accusation in this instance when the names of the proposed witnesses were available to defendant by means of the discovery procedure employed by him.

Defendant also complains that he was entrapped by investigator John Dickey. K.S.A. 21-3210 provides two exceptions to entrapment: (a) if the public officer merely afforded an opportunity or facility for committing the crime, and (b) the crime was of a type which is likely to occur and recur in the course of such person's business. The matter here need not be labored. There was direct evidence that defendant was previously involved in the repair of dentures without a prescription. His three previous convictions clearly demonstrated this fact. Defendant's argument fails because the activities fall within the exceptions of K.S.A. 21-3210.

The defendant argues that the sentence imposed upon him exceeded the penalties prescribed by K.S.A. 65-1460 for a mis-

demeanor prosecution. We would point out that in 1959 the dental board initiated these proceedings under the injunction procedure authorized by K.S.A. 65-1451 instead of instituting a criminal action under K.S.A. 65-1460. Therefore, the court was not limited to the penalties prescribed for a misdemeanor.

Defendant next argues that the trial court abused its discretion when it imposed penalties of 18 months' confinement and a $10,000 fine. We note that the defendant in this case has been convicted on four separate occasions of indirect contempt for violating the order of permanent injunction, and was "taking in" approximately $4,000 a month by continuing to make dentures in violation of the injunction.

Where a party has acted in willful and deliberate disregard of reasonable and necessary orders of the court, the application of a stringent sanction is fully justified and should not be disturbed. (*Williams v. Consolidated Investors, Inc.*, 205 Kan. 728, 733, 472 P. 2d 248; *Ronnau v. Caravan International Corporation*, 205 Kan. 154, 468 P. 2d 118.)

We find nothing to justify a conclusion that the trial court abused its judicial discretion in imposing its sentence and fine on the defendant.

Other points raised by the defendant have been examined and found to be without merit.

Under all the facts and circumstances of this case, there was sufficient evidence to warrant a finding that the defendant violated the order of permanent injunction.

Judgment is affirmed.