(848 P.2d 458)
No. 67,734

ELECTRONIC REALTY ASSOCIATES, INC., *Appellee,* v. CAROLE SANDOW GOMEZ, DEBORAH CHESLA, STEVEN SPIES, and SCG, INC., *Appellants.*

Opinion filed March 12, 1993.

*Joseph M. Backer* and *Daniel J. Markowitz,* of McDowell, Rice & Smith, of Overland Park, for appellants.

*Edward M. Dolson,* of Smith, Gill, Fisher & Butts, of Kansas City, Missouri, and *Daniel J. Langin,* of Smith, Gill, Fisher & Butts, of Overland Park, for appellee.

Before ELLIOTT, P.J., RULON, J., and DAVID S. KNUDSON, District Judge, assigned.

RULON, J.: Carole Sandow Gomez, Deborah Chesla, Steven Spies, and SCG, Inc., defendants, appeal an order of the district court finding them in criminal contempt for violating an order restraining them from filing suit in California state court against Electronic Realty Associates, Inc., plaintiff. The defendants argue the district court abused its discretion and did not give proper notice of the nature of the contempt proceeding. We affirm.

Essentially we must decide two issues: (1) whether the district court abused its discretion when designating defendants' prohibited action as indirect criminal contempt, imposing fines, and assessing defendants the cost of plaintiff's attorney fees; and (2) whether the defendants received proper notice of the nature of the contempt proceedings to satisfy due process requirements.

The essential facts are not disputed and are as follows:

The defendants are corporate officers of the defendant corporation SCG. Under the SCG corporation, the defendants sold California real estate through a membership agreement with plaintiff. A forum selection clause in the membership agreement

named Johnson County, Kansas, as the legal venue of any action between defendant SCG and plaintiff.

During the course of the business relationship, the defendants notified plaintiff that they intended to sue plaintiff in California state court. Plaintiff petitioned the Johnson County District Court for a restraining order to enforce the forum selection clause and to prevent the defendants from filing suit in California. The Johnson County District Court issued a temporary restraining order on November 9, 1991, and set a hearing date to determine if the restraining order should become permanent.

The defendants filed a motion to dismiss the restraining order, arguing that the Kansas court did not have personal jurisdiction. The Johnson County District Court denied this motion, stating that the forum selection clause provided jurisdiction over the defendants. The defendants then failed to appear at the hearing regarding the restraining order and the district court entered a default judgment making the temporary restraining order permanent.

Eventually, the defendants filed suit for breach of contract against plaintiff in California state court. Upon plaintiff's motion the California state court dismissed that action based on the Kansas district court's restraining order. Neither defendants nor plaintiff dispute that the California suit violated the Kansas restraining order.

Later, under K.S.A. 60-909, plaintiff moved the Kansas district court for a contempt judgment. This motion sought $20,000 in "civil contempt fines" per defendant and $30,000 in damages based on the plaintiff's attorney fees.

The district court ultimately found the defendants "guilty of indirect criminal contempt" under K.S.A. 20-1204a and assessed the defendants $34,618.41 for plaintiff's attorney fees and fined each defendant $5,000. The defendants appeal, arguing the district court improperly used what defendants refer to as the "criminal contempt statute."

## Standard of Review

"By the very nature of a contempt proceeding, the decision of guilt or innocence of an accused rests in the sound discretion of the trial court before whom the matter is pending. When a trial court has exercised that discretion

and its discretion has been challenged by appeal, the sole duty of the appellate court is to determine whether the record reveals such an abuse of discretion as to warrant a reversal of its action." *Edmiston v. First Nat'l Bank of Holcomb*, 242 Kan. 13, 15, 744 P.2d 829 (1987) (citing *Fleming v. Etherington*, 227 Kan. 795, 610 P.2d 592 [1980]).

A trial court has broad power in a contempt proceeding regarding the willful violation of restraining orders. See *UARCO, Inc. v. Osborne*, 224 Kan. 163, 166, 578 P.2d 266 (1978). "Judgments in contempt proceedings rest within the sound discretion of the trier of facts and will not be disturbed on appellate review unless an abuse of judicial discretion clearly appears from the record." *Hensley v. Board of Education of Unified School District*, 210 Kan. 858, 862, 504 P.2d 184 (1972).

## Contempt of Court

"Contempt of court may either be direct or indirect, criminal or civil. Direct contempt is committed during the sitting of the court or of a judge in chambers, in [his or her] presence, while all other contempts are indirect." *Edmiston*, 242 Kan. at 15 (citing K.S.A. 20-1202); see K.S.A. 20-1201 and K.S.A. 20-1203. Here, the contempt occurred when defendants filed the California lawsuit, violating the Kansas district court's restraining order. Defendant's contempt occurred outside of the courtroom and is indirect contempt.

The distinction between criminal and civil contempt has been discussed in Kansas case law. "Civil contempt is the failure to do something ordered by the court for the benefit or advantage of another party to the proceeding." *Edmiston*, 242 Kan. at 15 (citing *State, ex. rel. v. Bissing*, 210 Kan. 389, 395, 502 P.2d 630 [1972]). A civil contempt proceeding is remedial and coercive and is "brought for the enforcement of private rights and remedies." *Hendrix v. Consolidated Van Lines, Inc.*, 176 Kan. 101, Syl. ¶ 1, 209 P.2d 435 (1954). Civil contempt is a remedial or corrective action meant to coerce a party into acting. *Goetz v. Goetz*, 181 Kan. 128, 137, 309 P.2d 655 (1957).

Criminal contempt can occur in either a civil or criminal proceeding. *Hendrix*, 176 Kan. at 109. Criminal contempt is intended to punish conduct that is "in disrespect of a court or its processes, or which obstructs the administration of justice." 176 Kan. 101, Syl. ¶ 2. A criminal contempt is "conduct directed against the

dignity and authority of a court;" and a contempt judgment is punitive and meant to vindicate the authority of the court. *In re Sanborn,* 208 Kan. 4, 14-15, 490 P.2d 598 (1971).

Generally, if the contempt in question is a violation of an order made on behalf of one party, the contempt will be considered civil. However, if "the contempt consists in doing a forbidden act, injurious to the opposite party, the contempt may be considered criminal." *Hendrix,* 176 Kan. at 109-10.

Here, the district court designated the defendants' contempt as criminal. The defendants argue there are factors indicating the contempt in question was actually civil. According to defendants, the contempt dealt with the violation of a restraining order and with the private rights of plaintiff. The defendants assert that because the plaintiff was successful in its efforts to dismiss the California litigation, there is no need for a civil contempt finding and no need to coerce the defendants into acting.

Arguably, K.S.A. 60-909 supports the conclusion that a contempt judgment for failure to follow a restraining order can be punitive in nature. The statute states that disobedience of a restraining order "may . . . be punished as a contempt." Defendants argue that criminal contempt punishment for disobedience of orders issued to enforce forum selection clauses is inappropriate. Acceptance of this reasoning, however, would make such orders meaningless. One party to a forum selection clause could disregard a restraining order, file a lawsuit in another jurisdiction, and force the other party to incur litigation expenses by having to move for a dismissal in that jurisdiction. Thus, not allowing punishment for disobedience of a restraining order issued to enforce a forum selection clause will allow the party restrained to harass the other party.

Prior to 1978, Kansas statutes required a distinction between criminal and civil contempt. K.S.A. 20-1204 was used for criminal proceedings and required that criminal contempt be treated as a criminal hearing. L. 1901, ch. 123, § 2. K.S.A. 20-1207 provided a separate procedure for civil contempt. L. 1935, ch. 148, § 1. The Kansas courts were forced to distinguish the types of contempt to determine which statute controlled the proceeding. *Frey v. Willey,* 161 Kan. 196, 197-200, 166 P.2d 659 (1946).

In 1978, the Kansas Legislature repealed both K.S.A. 20-1204 and K.S.A. 20-1207. L. 1978, ch. 114, § 2. In place of those statutes, the legislature passed K.S.A. 20-1204a. The procedures outlined in this statute "shall apply to both criminal and civil contempts." K.S.A. 20-1204a(d).

Much of the defendants' argument on this appeal rests on differentiating civil and criminal contempt. Defendants repeatedly refer to the "criminal contempt statute." The only statute resembling a criminal contempt statute is the repealed K.S.A. 20-1204. Because defendants have placed much reliance on a repealed statute, much of their analysis is without merit. The real issue is whether the district court abused its discretion under K.S.A. 20-1204a.

A motion for contempt under K.S.A. 20-1204a is construed strictly against the movant. The procedures established by the statute must be strictly construed. *In re Seelke,* 235 Kan. 468, 470, 680 P.2d 288 (1984).

Under K.S.A. 20-1204a(a), the party seeking a contempt order should move the court for an order directing the person alleged to be in contempt to appear before the court and show cause as to why that person is not in contempt. This motion must state the time and date of the hearing, have proper service, and "shall be accompanied by a copy of the affidavit." K.S.A. 20-1204a(b). The affidavit and order serve as the notice of the nature of the hearing.

Plaintiff here ultimately filed a motion as described in K.S.A. 20-1204a. This motion contained an affidavit specifically describing the facts of the contempt. The order was properly served with the affidavit attached and provided the date and time of the hearing. The requirements of K.S.A. 20-1204a were fulfilled.

We are satisfied that the procedure mandated in K.S.A. 20-1204a was followed and the district court did not abuse its discretion.

### Damages

The next issue that must be resolved is whether the court abused its discretion in awarding damages and assessing fines.

The issue of damages under K.S.A. 60-909 for violating a restraining order was addressed in *UARCO, Inc. v. Osborne,* 224

Kan. 163. In *UARCO*, our Supreme Court affirmed a judgment entered against Osborne for attorney fees and for a fine of $10,000 after Osborne had been found in contempt for violating a restraining order. The fine was subject to suspension if Osborne complied with the restraining order in the future. The Supreme Court based its reasoning on the broad nature of K.S.A. 60-909 in that the statute allows for violation of a restraining order to be punished by appropriate remedies and damages, and as contempt. 224 Kan. at 166.

The *UARCO* court further stated the district court has broad powers in dealing with violations of necessary orders. The court quoted the following authority: " 'Where a party has acted in willful and deliberate disregard of reasonable and necessary orders of the court, the application of a stringent sanction is fully justified and should not be disturbed.' " 224 Kan. at 166 (quoting *Bongers v. Madrigal*, 1 Kan. App. 2d 198, 202, 563 P.2d 515 [1977]).

The language of K.S.A. 20-1204a(b) supports the conclusion that the district court also has broad powers in handling contempt. The statute states "If the court determines that a person is guilty of contempt such person shall be punished as the [trial] court shall direct."

Here, the district court cited K.S.A. 20-1204a and the *Bongers* decision cited in *UARCO*. The court made a finding consistent with *Bongers* in that it found the defendants had acted deliberately and willfully. This finding triggers the harsher or stringent sanctions which the court levied. Based on the language in K.S.A. 60-909, K.S.A. 20-1204a, and the powers of the court described in *UARCO*, we are satisfied the district court did not abuse its discretion in awarding damages and assessing fines.

### Due Process Requirements

"A citation for contempt is an action against a specific person requiring all of the due process criteria. It is well settled that a person cannot be held in contempt if he [or she] does not have knowledge of the order or notice of the proceedings." *In re Seelke*, 235 Kan. at 471 (citing *Perfect Fit Industries, Inc. v. Acme Quilting Co.*, 646 F.2d 800, 808 [2nd Cir. 1981]; *Yates v. United States*, 316 F.2d 718, 724-25 [10th Cir. 1963]).

As we understand, the defendants' due process argument seems to be based primarily on the word choice of the plaintiff's motions. In these motions, plaintiff referred to the contempt as "civil contempt." For this reason, the defendants argue they were not given proper notice of the punitive nature of the proceeding where they were found to be in criminal contempt. This argument is without merit.

The defendants were given notice as required by K.S.A. 20-1204a. K.S.A. 20-1204a does not make a distinction between proceedings for civil and criminal contempt, so the procedure followed would have been the same regardless of whether the contempt proceeding was labelled civil or criminal. Thus, since the statute was followed by the issuance of an order to appear with an accompanying affidavit, the defendants were given proper notice. Additionally, the order and attached affidavit did give notice of the punitive nature of the contempt in question. The affidavit described the damages and fines being requested, the total of which was more than the damages and fines actually imposed by the district court. Both plaintiff and the defendants briefed the district court on the issues of damages and fines. Thus, the defendants were aware of the nature of the hearing and the damages and fines requested.

Affirmed.