NOT DESIGNATED FOR PUBLICATION

No. 126,269

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

C.A.,
*Appellee*,

v.

A.S.,
*Appellant*.


MEMORANDUM OPINION


Appeal from Marion District Court; SUSAN C. ROBSON, judge. Submitted without oral argument. Opinion filed July 19, 2024. Affirmed.


*A.S.*, appellant pro se.


*C.A.*, appellee pro se.


Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.


PER CURIAM: In this protection from stalking action, A.S. appeals from the district court's decision to deny her request for reimbursement of various expenses, the imposition of punitive damages, and the return of personal property. Although A.S. labeled her pro se motion as one for contempt and dismissal, the relief requested related to the imposition of sanctions based on C.A. signing certain pleadings that were allegedly intended to be used to abuse the judicial process. Although A.S. may be able to seek relief from C.A. in another way, our review of the record reveals that the district court did not abuse its discretion in denying the request to impose the sanctions in this action. Thus, we affirm.

1

FACTS

On October 31, 2022, C.A. filed a petition seeking a protection from stalking order against A.S. pursuant to K.S.A. 60-31a01 et seq. Because C.A. failed to appear at the hearing, the district court dismissed the petition. Undeterred, C.A. filed a second petition for protection from stalking against A.S. the following week. In response, A.S. petitioned for a protection from stalking order against C.A.

After entering temporary orders, the district court set the matter for hearing. At a hearing held on November 23, 2022, the district court suggested that the parties consider stipulating to the entry of protection from stalking orders against each other, but the parties declined this invitation. Consequently, the district court set the matter for an evidentiary hearing to be held on December 5, 2022.

Although both parties appeared for the hearing, the attorney representing C.A. at the time moved to withdraw due to a potential conflict of interest. The district court granted counsel's motion to withdraw, extended the temporary protection from stalking orders, and continued the evidentiary hearing to January 19, 2023. Prior to that date, A.S. moved for dismissal of the action and requested that the district court impose sanctions against C.A. In the motion, A.S. alleged that C.A. made untruthful statements in his pleadings that she believed rose to the level of perjury.

At the hearing held on January 19, 2023, C.A.'s new counsel appeared and informed the district court that he had recently received a text message from A.S. alleging that he also had a conflict of interest. Although counsel expressed his belief that there was no actual conflict, he stated that he did not wish to represent C.A. under these circumstances. As a result, the district continued the evidentiary hearing. Also, the district court granted A.S.'s request that her two minor children be added to the temporary protection from stalking order.

On March 29, 2023, the district court held an evidentiary hearing on the protection from stalking petitions. Although A.S. appeared in person and pro se, C.A. did not appear either in person or by counsel. As a result, the district court dismissed C.A.'s petition from stalking and granted A.S.'s petition from stalking on behalf of herself and her minor children for a period of one year. It is unclear from the record on appeal whether the final order has been extended or allowed to expire.

Material to this appeal, the district court denied A.S.'s request that punitive damages be assessed as a sanction against C.A. and that certain items of personal property be returned to her. In denying the requested sanctions, the district court noted that if A.S. desired to seek additional relief against C.A. for his actions in this case, she could "file a civil lawsuit against him"—presumedly for malicious prosecution or abuse of process. At the end of the hearing, the district court took A.S.'s request for the reimbursement of expenses under advisement.

On April 7, 2023, the district court entered a written order denying A.S.'s request for the reimbursement of expenses. In its order, the district court explained:

> "The Court reviewed the Respondent's request. It is noted that on two previous occasions this matter was set for contested hearing. However, this matter was continued each time to allow Petitioner to obtain counsel, due to conflict of interest issues regarding Petitioner's counsel raised by the Respondent prior to the hearing. Further, what the Respondent chose to present as evidence, i.e. copies, was decided upon by the [Respondent].

> "The Court believes that the merits of the case do not warrant granting Respondent's request. Respondent's request is denied."

A.S. appeals.

ANALYSIS

To begin, we note that the arguments presented in the pro se briefs filed by the parties are difficult to follow at times. Nevertheless, it is clear that A.S. contends that the district court erred in denying her motion seeking sanctions against C.A. Specifically, she argues that C.A. signed two pleadings under penalty of perjury that contained false statements and that he did so to abuse the judicial system. She also argues that the district court erred in denying her request for reimbursement of the out-of-pocket expenses she incurred in defending this action. Although A.S. cites to various statutes in her brief, she does not expressly identify the statutory authority under which she seeks to recover sanctions against C.A. in this action.

Based on the substance of her contentions, we find that her request for sanctions is governed by the provisions of K.S.A. 60-211. In particular, K.S.A. 2023 Supp. 60-211(a) and (b), which provide—among other things—that every pleading, motion, or other document presented to a Kansas court must be signed by either an attorney (if the party is represented) or by the pro se litigant (if the party is not represented) to certify that the information contained in the document is true to the best of the signor's personal knowledge. Moreover, under K.S.A. 2023 Supp. 60-211(c), a district court has discretion to award sanctions—including reasonable expenses and attorney fees—if a party signs, files, or submits a pleading or other paper for an improper purpose.

Our review of a district court's decision to grant or deny a request for sanctions is limited to determining whether there has been an abuse of discretion. *In re Marriage of Bergmann & Sokol*, 49 Kan. App. 2d 45, 50, 305 P.3d 664 (2013); *Thornburg v. Schweitzer*, 44 Kan. App. 2d 611, 625, 240 P.3d 969 (2010). A district court abuses its discretion only if its decision is based on a mistake of law, an error of fact, or is so arbitrary or fanciful that no reasonable person would take the same position. When reasonable people could differ as to the propriety of the district court's action, it is not an

4

abuse of discretion. *Wood v. Groh*, 269 Kan. 420, 429, 7 P.3d 1163 (2000). Further, as the party alleging the district court abused its discretion, A.S. bears the burden of demonstrating such abuse. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013).

We pause to note that A.S. refers to her motion as a "Motion for Contempt and Dismissal," but we find her request for sanctions to fall under K.S.A. 60-211 rather than under a contempt theory. Even so, the result here would be the same because a district court's decision whether to hold a party in contempt is also discretionary, and it is not to be disturbed absent a showing of an abuse of discretion. *Fleming v. Etherington*, 227 Kan. 795, Syl. ¶ 6, 610 P.2d 592 (1980); see also *Hensley v. Board of Education of Unified School District*, 210 Kan. 858, Syl. ¶ 4, 504 P.2d 184 (1972) ("A decision on guilty or innocence of an accused in a contempt proceeding rests in the sound discretion of the judge before whom the matter is pending."); *Electronic Realty Associates, Inc.* v. *Gomez*, 18 Kan. App. 2d 122, 128, 848 P.2d 458 (1993) ("The language of K.S.A. 20-1204a(b) supports the conclusion that the district court . . . has broad powers in handling contempt.").

Here, the district court exercised its discretion not to impose sanctions on C.A. in this protection from stalking action. Yet the district court did not preclude A.S. from possibly pursuing other avenues if she believed that there is sufficient evidence of malicious prosecution, abuse of process, or other remedies. Based on our review of the record on appeal, it is apparent that the district court carefully considered A.S.'s request for sanctions and explained its reasons for not imposing sanctions. Ultimately, the district court—which was familiar with the parties and the underlying facts—decided that the best course would be to bring this action to an end with the issuance of the protection from stalking order entered on behalf of A.S. and her children.

5

Under the circumstances presented, we find that it would be inappropriate for this court to replace its judgment with that of the district court. Likewise, we find that A.S. has failed to meet her burden of proving that the district court made an error of law or a mistake of fact. We also do not find the district court's decision to be arbitrary, capricious, or unreasonable. Accordingly, we conclude that the district court did not abuse its discretion in denying A.S.'s requests for the imposition of sanctions in this action against C.A.

Affirmed.